**In re Don LeRoy BYBEE, Disciplinary Proceeding.**

No. 17253.

Supreme Court of Utah.

April 21, 1981.

Walter R. Ellett, Murray, for appellant.

S. Dee Long, Utah State Bar Counsel, Salt Lake City, for respondent.

PER CURIAM:

This is a disciplinary action in which the appellant appeals to this Court from the findings and recommendations of a hearing panel and the Board of Commissioners of the Utah State Bar, which recommended that the appellant be suspended from the practice of law in the State of Utah for a period of two months, and that appellant reimburse the Utah State Bar for costs incurred in the disciplinary proceedings.

The facts reflect that appellant was retained by his cousin, Lester Romero, to prepare an application to the Salt Lake City Court Judges on behalf of Triple A Bonding Company, a local entity, to secure approval for the writing of bail bonds by Triple A in said courts. Argonaut Insurance Company was to act as surety. Appellant proceeded to obtain from Argonaut histories of the persons associated with that company, financial status of the company, blank bond and power of attorney forms, and a copy of a letter addressed to the Utah State Insurance Department, to the effect that Lester Romero was Argonaut's authorized agent for writing bail bonds. Appellant also ascertained that Argonaut was registered with the Utah State Insurance Department and qualified to do business in the State of Utah.

At the suggestion of Lester Romero, appellant inserted the names of James Romero, a cousin, and Sirren Bybee, a brother, as sales agents on the application, though they were not licensed as insurance agents by the State of Utah, and were not authorized by Argonaut as its agents. The city courts approved the application, but did not approve Lester Romero as an agent. Appellant knew that Lester had been charged with various civil and criminal violations of laws in the city courts. Lester Romero and Sirren Bybee entered into an agreement whereby Sirren authorized Lester to use Sirren's name in the bonding business. Lester signed several blank bail bond forms with the name of "S. Bybee," and left them with appellant.

Appellant represented Golden Circle Investment Company, and looked to Lester Romero for payment of his fees for services to Golden Circle. In August, 1975, appellant filed an action on behalf of Golden Circle against Murray City, in which Golden Circuit was required to file a performance bond. Appellant took one of the blank bail bonds, changed it to a performance bond, then asked his brother if he affirmed the signature "S. Bybee" on the form. Sirren said he did, upon which appellant notarized the signature and filed the bond with the court. He assured the judge and opposing counsel in the judge's chambers that the performance bond was valid and enforceable, and that the signature was that of his brother, Sirren Bybee. He did not inquire of Argonaut concerning the amount of the premium, nor did he arrange for the premium to be paid. The facts further reflect that the appellant did not inquire as to whether or not Argonaut could issue performance bonds which inquiry would have revealed that Argonaut was not authorized to issue said bonds in the State of Utah. He did not keep a copy of the performance bond in his files, nor did he provide a copy to his client Golden Circle, nor to the surety, Argonaut.

The case of *Golden Circle v. Murray City*, was resolved and payment under the bond was never required. Complaint was regis-

 

tered by letter with the Utah State Bar Association from the Salt Lake County Attorney's Office alleging that the bond filed with the court was invalid, known by the appellant to be invalid, and the preparation of the same and the presentation of it to the court violated the Code of Professional Responsibility.

The hearing panel found that the conduct of the appellant violated Rule IV, Canon I, DR 1–102(A)(4), (5) and (6); Canon 6, DR 6–101(A)(1), (2) and (3); and Canon 7, DR 7–102(A)(3), (5) and (8) of the Revised Rules of Professional Conduct of the Utah State Bar.

Based upon the evidence and record before us, we are of the opinion that the conduct of the appellant is in violation of the Code of Professional Responsibility in the following particulars:

1) Appellant was on notice that after the application of the bonding company was approved that said approval was a nullity as neither Sirren Bybee nor James Romero was authorized to act as agents for Argonaut or licensed by the Department of Insurance to write bail bonds.

2) The preparation and filing of the performance bond with the court was not done in accordance with the standards required and expected of one licensed to practice law in the State of Utah.

3) That the representations made by appellant to the court were such that he either knew or should have known they were false, misleading and of such a nature so as to be prejudicial to the administration of justice.

This Court concludes that truthfulness and candor are essential qualifications of character for those who practice before our courts and any lack of such as demonstrated by appellant's conduct, if allowed without proper restraint and punishment, would undermine our system of justice. Accordingly, the recommendation of the hearing panel and the Board of Commissioners of the Utah State Bar Association that the appellant be suspended from the practice of the law in the State of Utah for a period of two months is affirmed. No evidence was presented by the respondent as to the amount of costs, therefore no costs are awarded.

STEWART, J., having disqualified himself, does not participate herein.

SAM, District Judge, sat.